# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER GOODVINE,**

    **Plaintiff,**

    v.                                                                         Case No. 13-CV-0017

**DR. AZZEM PASHA,**
**MERCY MEDICAL CENTER, and**
**ABC INSURANCE COMPANY,**

    **Defendants,**

## DECISION AND ORDER

Christopher Goodvine, the plaintiff in this case, is a Wisconsin prisoner. On January 17, 2013, he filed a complaint against Mercy Medical Center and Dr. Azzem Pasha.[1] He alleged claims under 42 U.S.C. § 1395dd, which is the Emergency Medical Treatment and Active Labor Act ("EMTALA"),[2] as well as supplemental state-law claims for negligence and medical malpractice. These claims arose out of events that occurred on October 15, 2012, when plaintiff attempted suicide and was brought to Mercy Medical for treatment. On January 31, 2013, I screened the complaint pursuant to 28 U.S.C. § 1915A and allowed Goodvine to proceed with his claims.

On the same day that I issued the screening order, the Clerk's office docketed a number of documents from the plaintiff. One of these documents was an amended

---

[1] Plaintiff also named a fictitious insurance company, but this defendant can be ignored for now.

[2] EMTALA was enacted as part of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and plaintiff sometimes refers to his claims against Mercy Medical and Pasha as COBRA claims. See, e.g., ECF No. 12.

complaint. The amended complaint purports to expand the scope of this case dramatically. It names twenty additional defendants and purports to challenge, pursuant to 42 U.S.C. § 1983, the mental-health treatment that plaintiff received at two different Wisconsin institutions, the Wisconsin Resource Center and Columbia Correctional Institution, over the course of two months. On March 13, 2013, plaintiff filed a second amended complaint proposing to add eleven more defendants. Then, on April 1, 2013, plaintiff filed a motion for a preliminary injunction in which he raises additional claims that are not included in any of his three complaints.

The plaintiff will not be allowed to pursue the claims he raises in his amended complaints and his preliminary-injunction motion as part of this lawsuit. The reason is that those claims are not properly joined with the claims raised in the original complaint. None of the additional claims are against Mercy Medical or Dr. Pasha, and so they are not properly joined under Federal Rule of Civil Procedure 18. Nor are they properly joined under Federal Rule of Civil Procedure 20. That rule allows joinder of claims involving additional parties when all claims proposed to be joined arise out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. See Fed. R. Civ. P. 20(a)(2). Although the first and second amended complaints tell one narrative story about plaintiff's medical and mental health care, I find that his claims against the various defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences. There are at least three separate series of transactions or occurrences: (1) the transactions or occurrences at the Wisconsin Resource Center, (2) the transactions or occurrences at Mercy Medical Center, and (3) the transactions or occurrences at Columbia Correctional

Institution. Moreover, I can identify no question of law or fact that is common to all thirty-four defendants. Accordingly, plaintiff's motion to proceed on his amended complaint will be denied, his first and second amended complaints will be stricken, and his motion for a preliminary injunction will be denied. If plaintiff wishes to pursue any of the claims raised in his amended complaints or in his motion for a preliminary injunction, he will have to commence new lawsuits.[3] See George v. Smith, 507 F.3d 605, 607–08 (7th Cir. 2007).

I will now turn to the pending motions that relate to the claims that are properly part of this lawsuit. First, on January 31, 2013, plaintiff filed a motion to proceed against defendants Mercy Medical and Dr. Pasha on his claims under EMTALA. This appears to be a request for the court to screen the complaint pursuant to 28 U.S.C. § 1915A and allow the claims asserted in the original complaint to proceed. However, on the same day that the Clerk received this motion, I issued a screening order that granted plaintiff permission to proceed on the claims asserted in the original complaint. Thus, I have already granted plaintiff the relief he requests in his motion to proceed, and therefore that motion will be denied as moot.

Second, Dr. Pasha has filed a motion to dismiss the EMTALA claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Pasha argues that there is no private cause of action against physicians under EMTALA; rather, EMTALA's private cause of action can be asserted only against hospitals. All of the circuits that have addressed

---

[3]Plaintiff has filed a motion to preserve certain evidence relating to some of his claims arising out of the series of transactions or occurrences at Columbia Correctional Institution. Because those claims are no longer part of this lawsuit, and because the evidence is not under the control of the proper defendants (Mercy Medical and Dr. Pasha), this motion will be denied.

3

whether there is a private cause of action against physicians under EMTALA have held that there is not. See Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1255–57 (9th Cir. 1995); King . Ahrens, 16 F.3d 265, 270–71 (8th Cir. 1994); Delaney v. Cade, 986 F.2d 387, 393–94 (10th Cir. 1993); Baber v. Hosp. Corp. of Am., 977 F.2d 872, 876–78 (4th Cir. 1992); see also Gatewood v. Washington Healthcare Corp., 933 F.2d 1037, 34 n.1 (D.C. Cir. 1991) (stating that "it seems clear that there is no private cause of action against physicians under [EMTALA]"). Moreover, the provision of EMTALA creating a private cause of action does not indicate that the action may be brought against a physician:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, an such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(2)(A) (emphasis added). For these reasons, I agree with Pasha that plaintiff's EMTALA claim against him must be dismissed.

Third, Mercy Medical has filed a motion to dismiss plaintiff's state-law claim against it based on Wisconsin's informed-consent law. See Wis. Stat. § 448.30. This law imposes a duty on treating physicians to "inform the patient about the availability of all alternate, viable medical modes of treatment and about the benefits and risks of these treatments." By its terms, this duty applies only to a treating physician, not to the hospital in which the treatment was provided. Moreover, Wisconsin courts have held that the duty does not apply to a hospital. See Montalvo v. Borkovec, 256 Wis. 2d 472, 482–83 (Ct. App. 2002); Mathias v. St. Catherine's Hosp., Inc., 212 Wis. 2d 540, 548–54 (Ct. App. 1997).

4

Accordingly, to the extent plaintiff intended to assert a claim against Mercy Medical based on the duty created by Wis. Stat. § 400.38, such claim will be dismissed.

Fourth, plaintiff has filed a motion to strike Dr. Pasha's answer to the original complaint or, in the alternative, to order Dr. Pasha to supplement his answer. Plaintiff contends that Pasha's stating, pursuant to Federal Rule of Civil Procedure 8(b)(5), that he lacks knowledge or information sufficient to form a belief about the truth of certain allegations is false. Plaintiff notes that he has filed a request for mediation with Dr. Pasha involving his malpractice claim under Wis. Stat. § 655.445(1), and that in the mediation statement Dr. Pasha submitted in connection with that proceeding, he made statements indicating he knows more about the facts of this case than he admits in his answer. However, even if that were true, it would not be grounds for striking Pasha's answer. Federal Rule of Civil Procedure 12(f) allows courts to strike only insufficient defenses and matters that are "redundant, immaterial, impertinent, or scandalous." Pasha's denials based on lack of information or belief are none of those things. Moreover, I am aware of no Federal Rule of Civil Procedure that would provide me with authority to order Pasha to supplement his answer. Accordingly, plaintiff's motion to strike or for an order compelling him to supplement his answer will be denied.[4]

Finally, I address plaintiff's motions for assistance in recruiting counsel to represent him. The court has discretion to ask a lawyer to represent a litigant who is unable to afford

---

[4]Pasha contends that the mediation statement plaintiff attached to his motion is confidential and should be either stricken from the record or sealed. However, Pasha cites no authority supporting the proposition that the mediation statement must be kept confidential. The Wisconsin Statute he cites provides only that the mediation statement is inadmissible and that it is not a state public record. See Wis. Stat. § 904.085(3). Thus, I will not strike the statement or order that it be sealed.

one in a civil case. 28 U.S.C. § 1915(e)(1); Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

All that remains in this case are plaintiff's claims arising out of the events that took place on October 15, 2012 at Mercy Medical Center, and plaintiff has already presented detailed information and medical records concerning these claims. Although plaintiff states that he no longer has the assistance of the inmates who have helped him with this case so far, plaintiff may receive help from other inmates in the future. He also has a long history of civil rights litigation in this court and is skilled himself at litigating. I am limited by what is before me, and all of the documents presented to the court in this case have shown competence to litigate this action. Therefore, plaintiff's motions for counsel will be denied without prejudice. Should it appear in further proceedings that plaintiff is not competent to litigate this action on his own, I will reconsider this determination.[5]

---

[5]Plaintiff has also filed a motion for a "competency determination" and cites Federal Rule of Civil Procedure 17(c)(2), which states that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." However, in this motion, plaintiff does not seem to be

6

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to proceed on his amended complaint (ECF No. 16) is **DENIED**, that his first and second amended complaints (ECF Nos. 8 & 39) are **STRICKEN**, and that his motion for a preliminary injunction (ECF No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for permission to proceed against defendants Pasha and Mercy Hospital on COBRA claims (ECF No. 12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to preserve evidence (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for counsel and for a competency determination (ECF Nos. 14, 44 & 52) are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendant Azzem Pasha's motion to dismiss (ECF No. 25) is **GRANTED**.

---

suggesting that he is legally incompetent or that he requires representation by a guardian ad litem. Rather, he seems to be using "competence" in the sense used in the cases relating to recruitment of counsel under § 1915(e)(2)—that is, he seems to be saying that he is not competent to litigate the case himself. See, e.g., Pruitt, 503 F.3d at 654–55. To be sure, plaintiff does appear to have mental issues and be prone to self-harm, and he does request appointment of either a guardian ad litem or a lawyer, but his motion as a whole makes clear that what he is really requesting is the assistance of a lawyer. In any event, nothing in the record suggests that plaintiff is so mentally ill that he is unable to understand what is happening in these proceedings. Thus, plaintiff's motion for a competency determination will be denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike Pasha's answer and alternative motion for an order compelling him to supplement his answer (ECF No. 27) are **DENIED**.

**FINALLY, IT IS ORDERED** that defendant Mercy Medical Center's motion to dismiss (ECF No. 37) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge